PROB 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## for
## MIDDLE DISTRICT OF PENNSYLVANIA

U.S.A. vs. Scott L. Myer                            Docket No. 1:CR-01-115-001

### Petition on Probation and Supervised Release

COMES NOW _____Stephen F. Leahey_____ PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Scott L. Myer who was sentenced to serve thirty months by the Honorable Yvette Kane sitting in the court at Harrisburg, PA, on the 7th day of May, 2002, who fixed the period of supervised release at two years*, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

* Supervision commenced on September 15, 2004

> The defendant shall pay any balance of the restitution imposed by this judgment which remains unpaid at the commencement of the term of supervised release in minimum monthly installments of no less than $100.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS: Mr. Myer was ordered to pay restitution in the amount of $100,066.55. Probation office records reflect that Mr. Myer has thus far paid a total of $1,575.00. The defendant appears to have made restitution payments to the best of his ability and in accordance with the special condition of his supervised release. However, a restitution balance of $98,491.55 remains. Mr. Myer has executed an Agreement (attached) regarding the unpaid restitution and has agreed to continue making payments should his term of supervised release be permitted to expire.

During the past two years, Mr. Myer has been employed on a full-time basis earning approximately $2,000 per month. The defendant has generally complied with the conditions of supervision, was responsive to the probation officer's guidance, and there does not appear to be a basis for a violation action. It is recommended that his supervised release be permitted to expire. Assistant U.S. Attorney James T. Clancy does not object to the recommendation.

---

PRAYING THAT THE COURT WILL ORDER that the defendant's term of supervised release be permitted to expire on September 14, 2006, without further action of the court.

ORDER OF COURT                                        Respectfully,

Considered and ordered this 25th day
of August 2006, and ordered filed
and made a part of the records in the above case.       Stephen F. Leahey
                                                        Senior U.S. Probation Officer

s/ Yvette Kane
_____                                 Place Harrisburg, PA
U.S. District Judge                                     Date August 22, 2006

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                  CRIMINAL NO. 1:CR-01-115-001

Scott L. Myer

## AGREEMENT REGARDING UNPAID RESTITUTION

The following agreement is entered into by Scott L. Myer, defendant in the above-captioned case, in recognition of his obligation to the victim to whom restitution is owed based upon the offense charged at the above-captioned number and the judgment and commitment entered by the District Court in the above-captioned case. In recognition of these obligations, and fully intending to be legally bound, the defendant acknowledges and agrees as follows:

1. On May 7, 2002, the defendant was sentenced based on his conviction at the above-captioned criminal number and directed by United States District Judge Yvette Kane, as a condition of supervised release, to make total restitution in the amount of $100,066.55, in monthly installments of no less than $100.00, during a period of supervised release which commenced on September 15, 2004.

2. The defendant acknowledges that he has failed to comply with the restitutionary portion of the Court's sentence and that he presently owes the victim $98,491.55.

3. The United States Probation Office has determined that in consideration of the defendant agreeing to fulfill his restitutionary obligation under the above-described sentence, consideration will be given to allowing the defendant's period of supervised release to expire as originally set by the Court. The defendant realizes that his failure to pay the above restitution obligation could form a basis for the revocation of supervised release and re-sentencing by the District Court.

4. Based on the above, and in consideration of forbearance on immediate execution upon assets owned by the defendant, the defendant hereby agrees to make restitution payments of $100.00 to the Anville Auto Center, c/o Thomas C. Risser, 896 East Main Street, Anville, PA 17003-0185, in the amount of $98,491.55, through the Clerk, U.S. District Court, P.O. Box 983, Harrisburg, PA 17108, said payments to be made on a monthly basis between the first and fifteenth day of each month. Additionally, the defendant agrees, should his personal finances improve, to increase the monthly payments accordingly. Further, the defendant agrees that if he moves from his residence at 238 Suedburg Road, 2nd Floor, Pine Grove, PA 17963, that he will notify the Clerk, U.S. District Court.

5. The defendant further agrees and confesses judgment for the total unpaid restitution in the amount of $98,491.55 to the aforementioned victim and authorizes the victim and its attorney, to enter judgment against him for said amount in any appropriate court for the full amount. It is the defendant's intention that he be bound by this confession of judgment and that judgment be entered pursuant to Rule 2951(a) of the PA Rules of Civil Procedure.

_____
Defendant

_____
Witness

Sworn to and subscribed before me this ___ day of August, 2006.

_____
Deputy Clerk